IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------X

| | |
|---|---|
| **In re** | : Chapter 11 |
| **BICOM NY, LLC, et al,,** | : Case No. 17-11906 (MEW) |
| **Debtors.** | : (Jointly Administered) |

------------------------------X

### ORDER AND FINAL DECREE PURSUANT TO BANKRUPTCY CODE SECTION 350, BANKRUPCY RULE 3022, AND LOCAL RULE 3022-1 (I) CLOSING THE CHAPTER 11 CASE, (II) AUTHORIZING THE EXTENSION OF THE TRUST THROUGH DECEMBER 31, 2026, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of Craig Jalbert, solely in his capacity as Liquidation Trustee (the "Trustee") for the Liquidation Trust (the **"Trust"**) created pursuant to the Plan of BICOM NY, LLC f/d/b/a Jaguar Land Rover Manhattan ("BICOM"), ISCOM NY, LLC f/d/b/a Maserati of Manhattan ("ISCOM"), and Bay Ridge Automotive Company, LLC f/d/b/a Bay Ridge Ford ("BRAC" and, together with BICOM and ISCOM (collectively, the **"Debtors"**), for a final decree closing the chapter 11 cases pursuant to section 350 of Chapter 11 of the title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as more fully set forth in the motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee, and (ii) those parties entitled to service pursuant to Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-2, and it appearing that no other or further notice need be provided; the Closing Report having been attached to the Motion as Exhibit A; and the Court having determined that relief requested in the Motion being in the best interests of the Debtors, their

creditors, and all parties in interest, and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETREMINED THAT**

A. The Debtors' estates have been fully administered and the entry of a final decree closing these chapter 11 cases is in the best interests of the Debtors, their estates, and creditors.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to 350(a) of the Bankruptcy Code and Rule 3022, the above-captioned bankruptcy cases are hereby closed.

2. To the extent not already paid, the Trust shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any outstanding quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within ten (10) days of the entry of this Final Decree. Upon the payment of such quarterly fees, the Trust simultaneously shall file the appropriate operating reports indicating cash disbursements, if any, for the quarter in which this Final Decree is entered.

3. The Trust shall collect all proceeds from the settlements due on the avoidance actions and distribute the proceeds accordingly through the last payment currently scheduled for September 2026, and any further payment beyond.

4. The OTB Distribution is hereby approved.

5. The use of the remaining $6,286.30 of Non-Tax Authority Priority Distribution Funds that could not be distributed is hereby approved to be applied to the outstanding Liquidation Trust Expenses.

6. The NNA Claim Resolution is hereby approved.

7. The Trust is hereby extended up to and including December 31, 2026; and

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective immediately and enforceable upon its entry.

IT IS SO ORDERED.

Dated: August 17, 2023
   New York, York

<u>s/Michael E. Wiles</u>
United States Bankruptcy Judge